UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-02032-BRO (SK) | Date | March 21, 2017 |
|---|---|---|---|
| Title | Jeremy James Figueroa v. David Baughman, Warden | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|

| Marc Krause | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE RE MIXED PETITION**

On March 13, 2016, the Court received an undated 28 U.S.C. § 2254 Petition in which Petitioner, a prisoner in state custody proceeding pro se, challenges his 2014 murder convictions. (ECF No. 1). Petitioner has not attached to the Petition copies of the relevant state appellate court opinions, but he alleges that he raised his first, third, and fourth grounds for relief during his direct appeal. Petitioner has not sought habeas relief in state court. Federal courts may not grant habeas relief to a petitioner held in state custody unless the petitioner has exhausted available state court remedies as to each of the claims presented. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005). To satisfy the exhaustion requirement, a state prisoner must "fairly present" his federal claim to the state courts to give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155–56 (9th Cir. 2003) (en banc). A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Here, Petitioner acknowledges that he did not exhaust his second ground for relief — namely, that his trial counsel was constitutionally ineffective for failing to raise certain objections or request certain instructions — by fairly presenting this claim to the California Supreme Court before filing the Petition. The Petition therefore appears subject to immediate dismissal for lack of exhaustion because it is "mixed" — that is, it contains both exhausted and unexhausted claims. Accordingly, Petitioner is hereby ORDERED TO SHOW CAUSE **on or before April 21, 2017** why the Court should not dismiss the Petition for failure to exhaust state court remedies. Petitioner may discharge this Order to Show Cause by filing a First Amended Petition that deletes his unexhausted claim and alleges only his exhausted claims. The First Amended Petition must be complete in itself without reference to the original Petition. **Petitioner is advised that failure to file a timely response to this Order to Show Cause may result in dismissal of this action for failure to prosecute.** *See* Fed. R. Civ. P 41(b); L.R. 41-1.